Todd Krakower, Esq.
Krakower DiChiara LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
Telephone: 201-746-6333
Fax: 347-765-1600

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------x
**NIGEL BLAIR,**

                  **Plaintiff,**

   -against-

**ZIGGY'S AUTO BODY INC.,**

                  **Defendant.**
-------------------------------------------------------x

**COMPLAINT**
Civil Action No. _____

**July Trial Demanded**

Plaintiff Nigel Blair ("Plaintiff"), by and through his attorneys, Krakower DiChiara LLC, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendant Ziggy's Auto Body Inc. ("Defendant"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.1 *et seq.*, ("NJWHL").

2. Plaintiff seeks economic, compensatory, liquidated damages, attorneys' fees, punitive damages, and other appropriate legal and equitable relief pursuant to federal law.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

## PARTIES

**Defendant**

**Defendant Ziggy's Auto Body Inc. ("Ziggy's")**

7. Defendant is a domestic corporation with a main business address at 377 7th St, Jersey City, New Jersey, in Hudson County.

8. At all times relevant to this Complaint, Defendant (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

9. At all times relevant to this Complaint, Defendant was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

10. At all times relevant to this Complaint Defendant was and is an employer within the meaning of the NJWHL, N.J.S.A. 34:11-56a1(g), and employed employees, including Plaintiff.

**Plaintiff Nigel Blair**

11.     Plaintiff is a resident of New Jersey.

## FACTUAL ALLEGATIONS

12.     Defendant did the following acts knowingly and willfully.

13.     Plaintiff was employed by Defendant as an auto body repairman from 2011 to December 2017.

14.     At all times relevant to this Complaint, Plaintiff was employed in a non-overtime exempt position.

15.     At all times relevant to this Complaint, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

16.     Plaintiff was scheduled to work the following hours: Monday through Friday from 7am until 5:30 pm.

17.     In addition, Plaintiff was regularly required to work on Saturdays.

18.     Plaintiff was permitted one thirty-minute lunch break.

19.     Accordingly, Plaintiff worked in excess of 50 hours each week.

20.     Plaintiff was not compensated time and a half for hours worked in excess of forty (40) per week.

21.     Throughout Plaintiff's employment, Defendant failed to pay Plaintiff overtime wages for hours works in excess of forty (40) in a workweek in violation of the FLSA and NJWHL.

Tolling Agreement Between the Parties

22. On April 1, 2019, the Parties entered into an Tolling Agreement tolling all applicable statutes of limitations related to Plaintiff's claims from March 12, 2019 until May 11, 2019.

## FIRST CAUSE OF ACTION
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

23. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

24. At all times relevant to this action, Defendant was engaged in commerce or the production of goods for commerce within the meaning of the FLSA and/or were employed in an enterprise engaged in commerce for the production of goods for commerce within the meaning of the FLSA.

25. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

26. At all relevant times, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times the regular rate at which he was employed for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff was entitled to overtime.

27. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff the required overtime rates, one and a half times the regular rate at which he was employed for hours worked in excess of forty (40) hours per workweek.

28. Defendant's actions were willful within the meaning of the FLSA.

29. Defendant's failure to comply with the FLSA overtime provisions caused Plaintiff

to suffer loss of wages and interest thereon.

30. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (NJWHL Overtime Violations, N.J.S.A. § 34:11-56a, *et seq.*)

31. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

32. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

33. At all relevant times, Defendant operated under common policies, plans and practices of willfully failing and refusing to pay Plaintiff at one-and-one-half times his regular rate for work in excess of forty (40) hours per workweek, even though Plaintiff was entitled to overtime.

34. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required state law overtime rate for hours worked in excess of forty (40) hours per workweek.

35. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, as well as any and all available statutory and/or punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered on his behalf in accordance with the above claimed causes of action and requests the following:

    A.    All compensatory and economic damages;

    B.    All reasonable expenses incurred by Plaintiffs, including court costs and other relief, both in law and equity, to which Plaintiff may show himself justly entitled;

    C.    Attorneys' fees, including attorneys' fees as provided by statute;

    D.    Punitive and statutory damages as authorized by law;

    E.    Pre-judgment and post-judgment interest; and

    F.    Such further relief as the Court finds just and proper.

Dated:  Park Ridge, New Jersey  
          May 13, 2019

Respectfully submitted,  
**KRAKOWER DICHAIRA LLC**  
By:  
    s/ Todd Krakower  
      Todd J. Krakower  
One Depot Square  
77 Market Street, Suite 2  
Park Ridge, New Jersey 07656  
201-746-6333  
347-765-1600 (fax)  
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.